THE STATE OF KANSAS, *Appellee*, V. JOE CHIRAFISI,
*Appellant.*

No. 17,544.

HEADNOTE BY THE REPORTER.

1. APPEAL AND ERROR—*Criminal Law—Bill of Exceptions—Evi-
dence.* It is a fundamental requirement of the code of crim-
inal procedure that trial proceedings, so far as they relate to
evidence, must be brought upon the record by a bill of excep-
tions duly settled, signed and filed.

2. ——— *Evidence — Competent.* Certain evidence examined,
and it is held that there was no prejudicial error in the ad-
mission of the same.

Appeal from Crawford district court. Opinion filed
February 10, 1912. Affirmed.

*J. J. Campbell,* and *B. S. Gaitskill,* for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,*
assistant attorney-general, and *S. M. Brewster,* special
assistant attorney-general, for the appellee.

*Per Curiam:* It is a fundamental requirement of the
code of criminal procedure that trial proceedings, so
far as they relate to the evidence, must be brought upon
the record by a bill of exceptions duly settled, signed
and filed. There is no other way to authenticate them.
A mere stenographic report is nothing, has no place on
the record, and has no place in a transcript of the rec-
ord. The result is that the only question presented for
consideration by this appeal is the sufficiency of the
information, and it is clearly sufficient.

Because of the gravity of punishment imposed upon
the defendant the court has examined the papers sub-
mitted far enough to be satisfied that they sustain the
verdict of guilty. The portion of the dying declaration
objected to was competent. It merely identified the
parties who committed the crime. Proper foundation

for the introduction in evidence of the declaration was laid. Its evidential value was not materially corroborated or increased by the statements objected to as not part of the *res gestæ*, and the jury chose to believe the statement rather than the witnesses who undertook to show an alibi.

The judgment of the district court is affirmed.